UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER, | CASE No.   1:12-cv-01347-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| G.R. HUDSON, et al. | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 20, 2012. (ECF No. 1.) Plaintiff failed to sign and file an original pleading, so the Court struck it and ordered Plaintiff to file a signed complaint. (ECF No. 5.) Plaintiff filed a signed Complaint on September 6, 2012. (Compl., ECF No. 9.) No other parties have appeared in this action. Plaintiff's Complaint is now before the Court for screening

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2 raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
3 relief may be granted, or that seek monetary relief from a defendant who is immune from
4 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5 thereof, that may have been paid, the court shall dismiss the case at any time if the court
6 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8      A complaint must contain "a short and plain statement of the claim showing that the
9 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
10 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
11 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.
12 Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
13 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
14 plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
15 Facial plausibility demands more than the mere possibility that a defendant committed
16 misconduct and, while factual allegations are accepted as true, legal conclusions are not.
17 Id. at 1949-50.

18 **II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

19      Plaintiff is currently housed at California Substance Abuse Treatment Facility
20 ("SATF"), where the events at issue in Plaintiff's Complaint occurred.  Although Plaintiff
21 does not cite to any law, it appears that Plaintiff wishes to allege a First Amendment
22 retaliation claim against the following individuals: 1) G. R. Hudson, correctional captain at
23 SATF, 2) D. Ibarra, correctional lieutenant at SATF, and 3) A. Holguin, inmate C-89607,
24 formerly housed at SATF.

25      Plaintiff allegations are difficult to follow, and the Court relies on Plaintiff's exhibits
26 to his Complaint to summarize them as follows:

27      Plaintiff was a member of the Inmate Advisory Council ("IAC") at SATF.  (Compl. at
28 Ex. B.)  On June 28, 2011, Defendant Hudson issued a memorandum stating that any IAC

1 members who filed CDCR 602s would be removed from the council. (Id. at Ex. A.) Plaintiff
2 was ultimately removed from the IAC. (Id. at 5.) Plaintiff was ostensibly removed because
3 of an "Administrative Order," but Plaintiff was never provided with a copy of this order. (Id.)
4 Plaintiff believes he was actually removed by Defendant Hudson because Plaintiff filed a
5 602. (Id.) Defendant Ibarra is also liable because he told Plaintiff he was not wanted on
6 the IAC and his 602 would be denied. (Id.) Defendant Holguin, the IAC chairman, is liable
7 because he knew about Defendants Hudson and Ibarra's actions and did not allow Plaintiff
8 to defend himself. (Id.)

9     Plaintiff asks that he be compensated for Defendants' wrongdoings. (Compl. at 4.)

10 **III.  ANALYSIS**

11     **A.  42 U.S.C. § 1983 Analysis**

12     42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
13 privileges, or immunities secured by the Constitution and laws' of the United States."
14 Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). §
15 1983 is not itself a source of substantive rights, but merely provides a method for
16 vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94,
17 109 S. Ct. 1865 (1989).

18     To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
19 a right secured by the Constitution or laws of the United States was violated, and (2) that
20 the alleged violation was committed by a person acting under the color of state law. See
21 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
22 (9th Cir. 1987).

23     Plaintiff has met the second element for a § 1983 claim with regard to Defendants
24 Hudson and Ibarra who were both employees at SATF, an institution run by the state.
25 Plaintiff has failed to meet the second element for Defendant Holguin because Defendant
26 Holguin was an inmate and at no point was alleged to be acting under the color of state
27 law. Plaintiff has failed to state a claim against Defendant Holguin. He will be given leave
28 to amend. In his amended complaint, Plaintiff should explain if and how Defendant Holguin

was acting under the color of state law.

### B.     First Amendment - Retaliation

Plaintiff does not cite to any specific statute in his Complaint, but from the facts alleged, it appears that Plaintiff wishes to alleges a retaliation claim under the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged Defendants removed him from the IAC because he filed a grievance. This constitutes an adverse action. Plaintiff has satisfied the first prong of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Although Plaintiff filed grievances, his attachments indicate that Plaintiff was removed to the IAC because he was placed in Administrative Segregation following an incident with another inmate. Plaintiff does not explain why it was his grievance rather than this incident that resulted in his being removed from the IAC. Plaintiff has failed to satisfy

1 this prerequisite to a retaliation claim.

2 With respect to the third prong, filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has satisfied this prong because he alleges he filed a grievance, thereby engaging in a protected First Amendment activity.

7 With respect to the fourth criteria, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has satisfied this prong because removing an inmate from an advisory council would chill an ordinary person from engaging in First Amendment activities.

15 With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff's allegations are that Plaintiff's removal was prompted by his filing of a grievance, but from Plaintiff's exhibits it appears he was removed after he was transferred to Administrative Segregation because of an incident with another inmate. Plaintiff will be given leave to amend to explain if and why he believes the response did not have a valid penological goal.

23 Plaintiff will be given leave to amend this claim. Plaintiff must include additional details regarding the alleged retaliation and explain how all five required prongs could be satisfied.

## IV. CONCLUSION AND ORDER

27 Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the

deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed September 6, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 30, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE