# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>    Plaintiff,<br><br>v.<br><br>G.R. HUDSON, et al.<br><br>    Defendants.<br>/ | CASE No.  1:12-cv-01347-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON COGNIZABLE FIRST AMENDMENT CLAIM AGAINST DEFENDANT HUDSON AND THAT OTHER CLAIMS AND DEFENDANT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

    Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in the action.

    Plaintiff initiated this action with an unsigned complaint filed August 20, 2012. (ECF No. 1.)  The Court  ordered Plaintiff to file a signed pleading. (ECF No. 5.)  Plaintiff did so

(ECF No. 6), but that signed Complaint was dismissed, with leave to amend, for failure to state a claim (ECF No. 13). Plaintiff has since filed a First Amended Complaint which is now before the Court for screening. (Am. Compl., ECF No. 14.)

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("CSATF") where the events at issue occurred. Plaintiff alleges a First Amendment retaliation claim against the following individuals: 1) G. R. Hudson, correctional captain at CSATF and 2) D. Ibarra, correctional lieutenant at CSATF.

Plaintiff's allegations are as follows:

Plaintiff was a member of the Inmate Advisory Council ("IAC") at CSATF. (Am. Compl. at 6.) Plaintiff was removed from the IAC on May 12, 2011 ostensibly for a Rules Violation Report and after filing numerous inmate appeals. (Id. at 7.) Plaintiff never received a Rules Violation Report. (Id.)

On June 28, 2011, Defendant Hudson issued a memorandum stating that any IAC members who filed CDCR 602s would be removed from the council. (Am. Compl. at 8.) Plaintiff was supposedly removed from the IAC because of an "Administrative Order," but Plaintiff was never provided with a copy of the order. (Id. at 8.) On June 16, 2011, Defendant Hudson told Plaintiff he did not want inmates who filed appeals on the IAC. (Id.) Plaintiff believes he was removed by Defendant Hudson because Plaintiff filed a 602. (Id.) Defendant Ibarra is also liable because on June 28, 2011, he told Plaintiff he was not wanted on the IAC and his 602 would be denied. (Id.)

Plaintiff asks for declaratory relief, monetary damages, and punitive damages. (Am. Compl. at 10.)

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Analysis

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.     First Amendment - Retaliation**

Plaintiff alleges Defendants violated his rights under the First Amendment by retaliating against him for filing inmate appeals.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged Defendants removed him from the IAC because he filed a grievance. This constitutes an adverse action. Plaintiff has satisfied the first criteria of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that he was removed from the IAC because he filed various grievances and because of a prison policy of not allowing inmates who filed grievances to be placed on the IAC. Relying on the memorandum issued by Defendant Hudson and the statements made by Defendant Ibarra, Plaintiff alleges Defendant Hudson removed him from the IAC for filing grievances. Plaintiff's allegations as a whole suggest Defendant

1  Hudson had him removed from the IAC for exercising his First Amendment right to file
2  grievances. This satisfies the causation prong for pleading purposes.

3  Plaintiff has not satisfied this prong with respect to Defendant Ibarra. His sole
4  allegation as to Defendant Ibarra is that Defendant Ibarra made a passing statement about
5  inmates being removed from the IAC for filing grievances. Plaintiff does not allege that
6  Defendant Ibarra had anything directly to do with removing Plaintiff from the IAC.

7  With respect to the third prong, filing a grievance is protected action under the First
8  Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing
9  a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson,
10 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has satisfied this requirement because he
11 alleges he filed a grievance, thereby engaging in a protected First Amendment activity.

12 With respect to the fourth criteria, "[it] would be unjust to allow a defendant to
13 escape liability for a First Amendment violation merely because an unusually determined
14 plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County,
15 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an
16 official's acts would chill or silence a person of ordinary firmness from future First
17 Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d
18 at 1300). Plaintiff has satisfied this prong because removing an inmate from an advisory
19 council position would chill an ordinary person from engaging in First Amendment activities.

20 With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison
21 authorities' retaliatory action did not advance legitimate goals of the correctional institution
22 or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.
23 Plaintiff has sufficiently alleged that Defendants' actions did not advance any legitimate
24 penological goal.

25 Plaintiff has sufficiently alleged a First Amendment retaliation claim against
26 Defendant Hudson but not against Defendant Ibarra. Plaintiff will not be given further leave
27 to amend his claim against Defendant Ibarra.

**C.    Claim for Declaratory Relief**

Finally, in addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted). Therefore, this action properly proceeds as one for damages only.

**IV.    CONCLUSION AND RECOMMENDATIONS**

Plaintiff's First Amended Complaint states a cognizable claim for relief against Defendant Hudson for violation of the First Amendment arising out of his retaliation against Plaintiff for engaging in protected conduct, but it does not state a First Amendment claim against Defendant Ibarra. Theses deficiencies are not capable of being cured through amendment and therefore, the Court recommends that this action proceed on Plaintiff's viable First Amendment claim and the other claims and Defendant be dismissed. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed as one for damages on Plaintiff's First Amendment retaliation claim against Defendant Hudson arising out his retaliation against Plaintiff for engaging in protected conduct;

2. Plaintiff's First Amendment retaliation claim against Defendant Ibarra be dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's claim for declaratory relief be dismissed, with prejudice, for failure to state a claim; and

4. Defendant Ibarra be dismissed based on Plaintiff's failure to state any claims against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and

Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 31, 2013        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE